```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
                                              05 Civ. 4333 (MGC)
Korean Press Agency, Inc.,

           Plaintiff,

      -against-

Yonhap News Agency,                           Opinion

           Defendant.

--------------------------------X



APPEARANCES:

           ROSENFELD & KAPLAN
           Attorneys for Korean Press Agency
           535 Fifth Avenue, 10th Floor
           New York, New York 10017

           By:  Steven M. Kaplan, Esq.



           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           Attorneys for Yonhap News Agency
           335 Madison Avenue, 17th Floor
           New York, New York 10017

           By:  Matthew D. Griffin, Esq.
```

**Cedarbaum, J.**

Plaintiff, Korean Press Agency, Inc. ("KPA"), sues Yonhap News Agency ("Yonhap") for tortious interference with contract, injurious falsehood, and prima facie tort. Yonhap moves to dismiss the action on the ground that the forum selection clause in their contract requires that this action be brought in South Korea. For the reasons that follow, Yonhap's motion is granted.

## BACKGROUND

Yonhap is South Korea's national news service, incorporated under the laws of the Republic of Korea. Yonhap provides more than a thousand news stories and photos each day to news outlets around the world. KPA is a New York corporation that disseminates news and information to Korean-American news organizations throughout the United States.

In 1988, KPA and Yonhap entered into an agreement that granted KPA the right to distribute Yonhap's news and photo services to clients throughout North America. The parties renewed the agreement in a contract dated January 21, 2000 (the "Agreement"). The Agreement was to run for automatically renewable terms of one year, and provided that if either party wished to terminate the Agreement, the party

2

was required to give written notice of the termination three months in advance.

On or about December 19, 2003, KPA received notice from Yonhap that Yonhap would be terminating the Agreement effective December 31, 2003.  KPA objected and informed Yonhap that it was entitled to three months notice before termination of the Agreement.  KPA asserts that its ability to deliver Yonhap news and photo services was critical to maintaining its customers. Furthermore, KPA alleges that Yonhap was aware of KPA's contracts with these customers and that KPA's inability to provide its customers with Yonhap services would cause the customers to terminate their contracts with KPA.  KPA alleges that Yonhap contacted KPA's customers and deliberately spread the false story that KPA was no longer entitled to distribute Yonhap news. KPA asserts that many of its customers terminated their contracts prematurely as a result of Yonhap's conduct.

KPA originally brought this action in the Supreme Court of New York County. Yonhap removed the action to this court based on diversity of citizenship.  Shortly after removal, Yonhap moved to dismiss the complaint on several grounds: (1) the forum selection clause; (2) the doctrine of merger; (3) and failure to state a claim for injurious falsehood and prima facie tort.

At oral argument, I granted Yonhap's motion to dismiss the prima facie tort claim and denied Yonhap's motion to dismiss the complaint based on the doctrine of merger. I granted KPA leave to amend the complaint to replead its claim for injurious falsehood, contingent on a decision that the forum selection clause does not prevent this action from proceeding in this court. Decision was reserved on the effect of the forum selection clause.

Although KPA does not claim breach of contract, the Agreement between KPA and Yonhap is an integral part of this action. Yonhap argues that articles 19 and 20 of the Agreement require that this action be brought in South Korea. Although the original Agreement is written in Korean, Yonhap has translated Articles 19 and 20 to read:

> Article 19: This Agreement shall be governed by the laws of the Republic of Korea.
> Article 20: If any disputes arise between "A" and "B", it [sic] shall be under the jurisdiction of the Seoul District Civil Court, in Seoul, Korea.

Yonhap contends that Article 20 is a mandatory forum selection clause which requires that this dispute be litigated in the Seoul District Civil Court. First, KPA responds that the Agreement does not bind it because the Agreement was signed by KPA's sole shareholder in his individual capacity. Second, KPA argues that under United States and Korean law Article 20 is a permissive, and not a

4

mandatory, forum selection clause.  Third, KPA argues that the forum selection clause does not apply to tort claims.

DISCUSSION

I. KPA IS A PARTY TO THE AGREEMENT

Although KPA argued in its brief that Chang Sup Han, KPA's sole shareholder, is the real party to the agreement with Yonhap, KPA asserted the opposite in its complaint and conceded at oral argument that it was a party to the Agreement.  The complaint clearly states that the contract at issue in this case existed between KPA and Yonhap. Compl. at ¶¶ 3, 4, 7.

During oral argument, KPA's counsel acknowledged that KPA believed itself to be a party to the contract and that Han, as an individual, played no role in the fulfillment of the contract.  KPA's counsel stated that "[e]verything was done through Korean Press." (Hr'g Tr. Oct. 6, 2005 at 10.) KPA's counsel indicated that the Agreement contemplated the rights and responsibilities to exist with KPA, as opposed to Han, because the contract "didn't make any sense any other way." Id. at 11.  Counsel stated that Mr. Han had no ability to carry out the contract and "clearly it is intended that the contract would be for Yonhap to provide the services and for Korean Press Agency to disseminate it." Id. at 9-10.

5

KPA's counsel further noted that all the payments to Yonhap under the Agreement were made by KPA and that "everyone acted as if Korean Press [were] a party to the agreement." <u>Id.</u> at 10. As a threshold matter, I conclude that KPA is a party to the Agreement.

II. THE FORUM SELECTION CLAUSE

The forum selection clause in Article 20 of the Agreement reads: "If any disputes arise between [Yonhap] and [KPA], it [sic] shall be under the jurisdiction of the Seoul District Civil Court, in Seoul, Korea." Yonhap argues that this provision is mandatory and requires KPA to file any action related to the Agreement in the District Civil Court in Seoul, Korea. KPA argues that Article 20 is a permissive clause which indicates that KPA has waived its ability to object to jurisdiction in Korea. Both sides rely heavily on affidavits from experts in Korean law to support their arguments.

Korean law, however, does not govern the scope of the forum selection clause. "Questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature." <u>Jones v. Weibrecht</u>, 901 F.2d 17, 19 (2d Cir. 1990). Because forum

6

selection clauses are procedural "the federal rule ... should control." Id.

Jones explicitly dealt with enforcement, as opposed to interpretation, of forum selection clauses. Courts in this Circuit and elsewhere, however, have extended the reasoning of Jones to the interpretation of forum selection clauses as well. St. Paul Guardian Ins. Co. v. Neuromed Med. Sys. & Support, 00 Civ. 9344 (SHS), 2001 WL 1875768, at *1 (S.D.N.Y. Dec. 5, 2001) (reasoning that interpreting a forum selection clause is part of, and necessary to, enforcing it); Manetti-Farrow v. Gucci Am., 858 F.2d 509, 513 (9th Cir. 1988) ("[B]ecause enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses."); see also John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distrib. Inc., 22 F.3d 51 (2d Cir. 1994) (applying federal law to interpret and enforce a forum selection clause despite a choice of law provision selecting Greek law to govern).

Because federal law governs the interpretation of the forum selection clause, the question in this case is whether Article 20 is mandatory or permissive under federal law.

The Second Circuit cautions courts to read forum selection clauses as narrowly as possible while still giving

effect to the intent of the parties. Boutari, 22 F.3d at 53 ("[A]n agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion.").

Case law in the Southern District does not provide clear or consistent guidance. For example, the phrase "any dispute arising under and in connection with this Bill of Lading shall be governed by German law and determined by the courts of Bremen," has been the subject of three different opinions, each giving the phrase a different interpretation. See Hartford Fire Ins. Co. v. Novocargo USA, Inc., 156 F. Supp. 2d 372 (S.D.N.Y. 2001)(finding the clause permissive); Street, Sound Around Elec., Inc. v. M/V Royal Container, 30 F. Supp. 2d 661 (S.D.N.Y. 1999)(finding the clause exclusive without discussion); Am. Home Assurance Co. v. M/V Hanjin, 03 Civ. 9539, 2004 WL 1197240 (S.D.N.Y. June 1, 2004)(finding the clause mandatory after lengthy analysis).

In Boutari, the Second Circuit dealt with a forum selection clause similar to the one contained in Article 20 of the Agreement. The Boutari clause provided that "[a]ny dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts." Boutari, 22 F.3d

at 52.  The Second Circuit found this clause to be permissive.

In terms of language, <u>Boutari</u> is KPA's strongest supporting case. The language in <u>Boutari</u>, however, is clearly distinguishable from the language in the Agreement between KPA and Yonhap.  <u>Boutari</u> dealt with a clause which said that disputes "shall come within" the jurisdiction of the Greek courts.  KPA has an agreement providing that all disputes "shall be under" a single, specific court.  The clause in <u>Boutari</u> contemplates jurisdiction in all of the Greek courts, while also contemplating jurisdiction in Boutari's home jurisdiction.  KPA's clause, by contrast, provides for jurisdiction only in the Seoul District Civil Court. This difference weighs against treating Article 20 as permissive.

Additionally, the phrase "shall come within" is, on its face, considerably broader than "shall be under."  The phrase "come within" contemplates a wide range of possibilities encompassing the named possibility.  The phrase "shall be under" is singular and imperative.  The words of Article 20, on their face, are specific words of exclusion and cannot reasonably be understood as permissive. When viewed in light of the factual circumstances, this provision cannot be understood as anything but mandatory.

9

In addition to the distinguishable language in Boutari, the facts of the two cases are distinguishable. In Boutari, the plaintiff was a Greek corporation engaged in the business of producing and exporting wine and spirits. The defendant was a New York corporation with an exclusive importation agreement with the plaintiff. Boutari's principal office was in Thessaloniki, Greece. The defendant's office was on Long Island. The Greek corporation sued the New York corporation in the United States District Court for the Eastern District of New York. The New York corporation asserted the forum selection clause as an affirmative defense, arguing that the proper venue was Greece.

The present situation between KPA and Yonhap is in strong contrast to the situation in Boutari. KPA, a New York corporation, brought this action in New York. Yonhap, a Korean corporation, is seeking to enforce the forum selection clause as an affirmative defense. Chang Sup Han, KPA's president, chairman, and sole shareholder, has already sued Yonhap in Korea in an action related to this one. This case does not present the same equitable concerns as Boutari. In this case, the party expected to enforce the forum selection clause is, in fact, attempting to enforce it. Unlike other cases, the enforcement of this clause does

not require one of the parties to litigate in a country with which it has no connection and no experience.

KPA's reliance on Boutari is misplaced for a further reason. KPA and Yonhap have provided extensive submissions on Korean law with respect to forum selection clauses. In Boutari, however, the appellate briefs indicate that neither party argued the applicability of Greek law in interpreting the forum selection clause.

The Agreement in this case is written in Korean, and the parties both acknowledge that the English translation is an awkward one. A Korean court's interpretation of the clause, while not binding, may aid in understanding what the clause actually means, not under Korean Law but in the Korean language.[1]

Yonhap presents several affidavits from experts in Korean law who argue that the clause, written in Korean, was intended as an explicitly exclusive clause. Yonhap's experts cite Korean case law which supports their contentions. See Aff. Keechang Kim at ¶¶ 2-5; Aff. Jin-Su Yune. KPA, on the other hand, presents no case law and

---

[1] It should be noted that neither party cites to AVC Nederland B.V. v. Atrium Inv. Partnership, 740 F.2d 148 (2d Cir. 1984), a case which seems to indicate that Korean law might be controlling in the interpretation of this particular forum selection clause. Portions of AVC Nederland appear to conflict, at least implicitly if not explicitly, with Boutari and a number of other cases including St. Paul Guardian Insurance and Minetta-Farrow. Whether or not Korean law controls, however, makes no difference. Under both Korean and United States law, the Agreement in this case is exclusive. If anything, Korean law appears to be even more explicit on this point.

instead offers only one affidavit from a Korean law expert, Dong Yoon Chung, in support of its position that the clause is permissive.  As Yonhap points out, Chung wrote a treatise, most recently reprinted in 2005, which states that forum selection clauses such as the one in this Agreement are exclusive.  Chung's position in his treatise is the opposite of the position he now advances on behalf of KPA.  When asked about the inconsistency, Chung stated only that the law has changed since his treatise was first printed and that he will change it in the next edition.  This explanation is unconvincing and unsupported by any case law.  Yonhap's submissions are more credible and convincing.  A Korean court applying Korean law would interpret this forum selection clause as exclusive.

On its face, the Agreement contains a mandatory and exclusive forum selection clause.  If KPA's claims are covered by the forum selection clause, they must be litigated in the Seoul District Civil Court.

III. TORT CLAIMS

The only question remaining is whether the forum selection clause governs tort claims.  In its submissions, KPA argues the forum selection clause does not govern tort claims.  At oral argument, however, KPA did not address this

point and seemed close to abandoning it.  See Hr'g Tr. Oct. 6, 2005 at 28-29. ("Kaplan: I think, without conceding any point, that the real issue to be decided is whether it is a permissive or mandatory selection clause.").

The clause at issue in this case is very broad.  It attempts to cover "any disputes aris[ing] between 'A' and 'B.'" The breadth of the clause puts it squarely within the rule that "a contractually-based forum selection clause will also encompass tort claims if the tort claims 'ultimately depend on the existence of a contractual relationship' between the parties." Direct Mail Prod. Servs. Ltd. v. MBNA Corp., No. 99 Civ. 10550 (SHS) 2000 WL 1277597 at *6 (S.D.N.Y. Sept. 7, 2000) (citing Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3rd Cir. 1983)). KPA's tort claims ultimately depend on the existence of the Agreement.  Further, the clause in this case is significantly broader than clauses in similar cases which were found to encompass more than just contractual claims. See Finance One Public Co. Ltd. v. Lehman Bros. Special Fin., Inc., 414 F.3d 325, 335 (2d Cir. 2005)(clause governing any action "relating to this Agreement" was broader than contractual claims); Bense v. Interstate Battery Sys., Inc., 683 F.2d 718, 720 (2d Cir. 1982)(clause

governing claims "arising directly or indirectly from the Agreement" covered anti-trust claims).

As noted above, interpreting a forum selection clause is closely related to enforcing it, and interpretation is therefore a question of federal law.  Although both parties briefly address Korean law on the subject, neither party argues that Korean law is any different from the law of the United States on this point.  KPA argues that "a Korean court would not require an unrelated tort claim ... to be brought pursuant to this provision."  Aff. Keechang Kim at ¶ 7.  This, however, is also the law of the United States. KPA's tort claims are not unrelated to its contractual claims.

CONCLUSION

KPA was a party to the Agreement.  The Agreement contains an exclusive forum selection clause.  That clause is broad enough to encompass the tort claims that KPA has brought against Yonhap.  For the foregoing reasons, Yonhap's motion to dismiss KPA's complaint is granted.

SO ORDERED.

Dated:   New York, New York
         March 23, 2006

S/ _____
                                 MIRIAM GOLDMAN CEDARBAUM
                                 United States District Judge